JOHN WANAMAKER PHILADELPHIA, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12913.   Promulgated October 20, 1927.

The taxpayer filed a return for its fiscal year ended January 31, 1921, on June 10, 1921. After the enactment of the Revenue Act of 1921, on May 11, 1922, it filed a second return for the fiscal year ended January 31, 1921, which showed a larger tax due than was shown on the earlier return. *Held*, that the statute of limitations started to operate from the date of the filing of the second return and not from June 10, 1921, the date of the filing of the first return.

*A. W. Norman, C. P. A.*, for the petitioner.
*Thomas M. Wilkins, Esq.*, for the respondent.

This is a proceeding for the redetermination of a deficiency in income tax for the fiscal year ended January 31, 1921, in the amount of $56,245.43. The only error alleged in the petition is that the deficiency has been determined after the expiration of the limitation of time for the assessment for the taxable year ended January 31, 1921.

FINDINGS OF FACT.

Under date of June 10, 1921, John Wanamaker Philadelphia and affiliated corporations filed a corporation income and profits-tax return on Form 1120—United States Internal Revenue Service—with the collector of internal revenue, Philadelphia, Pa., covering the period February 1, 1920, to January 31, 1921, showing a total tax due in the amount of $42,668.69.

On November 23, 1921, the Revenue Act of 1921 was passed.

On May 11, 1922, John Wanamaker Philadelphia and affiliated corporations filed with the collector of internal revenue, Philadelphia, Pa., under the Revenue Act of 1921, its corporation income and profits-tax return, Form 1120, for the period begun February 1, 1920, and ended January 31, 1921, disclosing total tax in the amount of $42,685.36.

A deficiency notice dated February 8, 1926, was addressed to the taxpayer by the Commissioner, determining a tax liability in the amount of $56,245.43 for the period February 1, 1920, to January 31, 1921. Under date of March 30, 1926, the petitioner filed its petition with this Board, raising only one issue, i. e., that the deficiency has been determined after the expiration of the limitation of time for the assessment of taxes for the taxable year ended January 31, 1921.

OPINION.

SMITH: It is the contention of the petitioner that the statute of limitations with respect to the determination of a deficiency for the fiscal year ended January 31, 1921, began to run on June 10, 1921, the date when its return for that fiscal year was filed in accordance with the provisions of the Revenue Act of 1918 and regulations issued thereunder by the Commissioner with the approval of the Secretary of the Treasury; that the applicable statute of limitations is the four-year period prescribed by section 250(d) of the Revenue Act of 1921; that the deficiency letter was not mailed to the taxpayer until after the expiration of such four-year period, namely, February 8, 1926, and that consequently the assessment and collection by the Commissioner of any additional tax for the taxable year is barred.

Section 250(d) of the Revenue Act of 1921 reads in part as follows:

The amount of income, excess-profits, or war-profits taxes due under any return *made under this Act* for the taxable year 1921 or succeeding taxable years shall be determined and assessed by the Commissioner within four years after *the* return was filed. * * * (Italics ours.)

It is the contention of the Commissioner that the return of the taxpayer, filed with the collector on June 10, 1921, was not made under the Revenue Act of 1921, inasmuch as that Act did not become a law until November 23, 1921; that the above-quoted language of section 250(d) refers to a return required to be filed under the provisions of the Revenue Act of 1921 and not under those of any prior act. In commenting on the identical language to which the Commissioner calls the Board's attention, in *Appeal of National Refining Co. of Ohio*, 1 B. T. A. 236, this Board said, at page 241:

The phrase *the return* has a definite article and a singular subject; therefore, it can only mean one return, and that *the return* contemplated by the act under which it was filed.

The Commissioner also calls attention to the fact that this same reasoning was again followed by the Board in *Appeal of Dallas Brass & Copper Co.*, 3 B. T. A. 856.

In *Appeal of Mabel Elevator Co.*, 2 B. T. A. 517, the Board recognized the applicability to the statute of limitations of the principle

that a fiscal year return prepared and filed under one act is not effective to start the running of the statute of limitations when a subsequent act nullifies the effectiveness of the return already filed and necessitates the filing of a return under and to comply with a subsequent act. In that case the taxpayer filed three returns for the fiscal year ended July 31, 1918, as follows: (1) on October 29, 1918, before the passage of the Revenue Act of 1918; (2) on April 21, 1919, after the passage of the Revenue Act of 1918; and (3) on August 12, 1921, which return was marked "amended." As the Board had already held in *Appeal of National Refining Co. of Ohio, supra,* that only one return could start the running of the statute of limitations, the question was which of these three returns was the one which operated to start the running of the statute of limitations. The Board said:

The deficiency letter from which this appeal was taken was mailed to the taxpayer more than five years after the return was filed on April 21, 1919, and the limitation of time within which taxes must be assessed had expired.

The Board cited in its opinion the *National Refining Co.* appeal as authority for holding that the return filed August 21, 1921, did not toll the period of limitations. The first return, that is the one filed on October 29, 1918, having been filed before the passage of the 1918 Act, could not be considered any more than the so-called return of this petitioner which was filed on June 10, 1921, five months before the passage of the 1921 Act.

The imposing provisions of the Revenue Act of 1918, namely, sections 230 of Title II, and 301 of Title III, and the provisions of sections 227 and 241 of Title II, requiring the filing of a return under the Revenue Act of 1918, were expressly repealed by section 1400(a) of the Revenue Act of 1921, as of January 1, 1921, five months before the taxpayer filed its return under the Revenue Act of 1918. The Revenue Act of 1921 clearly required all corporations having a fiscal year ending during the calendar year 1921 to file a return in accordance with the provisions of that Act. Treasury Decision 3305 inferentially relieved taxpayers who or which had filed returns for a fiscal year ended in 1921 under the provisions of the Revenue Act of 1918 from filing second returns under the provisions of the Revenue Act of 1921, provided such second returns would not show any additional tax payable. Treasury Decision 3310 clearly required the filing of such return where an additional tax was payable and the petitioner, acting under the provisions of law and of the regulations promulgated thereunder, filed such second return on May 11, 1922. The deficiency notice sent by the Commissioner was clearly within the four-year period of limitations prescribed for the making of an additional assessment and therefore the assessment and collection of additional tax is not barred by the statute of limitations.

The motion of the petitioner for judgment of no deficiency is denied. It furthermore appearing that the only question in issue is the question of whether the statute of limitations operated to bar the assessment and collection of the tax, such question must be decided in favor of the respondent.

Reviewed by the Board.

*Judgment will be entered on 15 days' notice, under Rule 50.*