M. COHN & SONS CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 7361, 9238. Promulgated November 14, 1927.

*E. C. Gruen, C. P. A.,* for the petitioner.
*J. E. Marshall, Esq.,* for the respondent.

OPINION.

TRUSSELL: The uncontradicted testimony and evidence adduced establishes the fact that petitioner was liable to the members of the Cohn family for undrawn salaries, that such undrawn salaries have been included in surplus and thus in petitioner's income for the years involved.

For the fiscal year ended January 31, 1918, the amount of undrawn salaries totaling $3,141 should be eliminated from surplus, included in liabilities as accounts payable and excluded from income. No question has been raised as to the allowance or disallowance of the deduction of $6,316 taken on the returns as salaries for the fiscal year

ended January 31, 1918, and apparently that deduction has been allowed, but the inclusion in surplus of a portion of said salaries, namely $3,141, left with the petitioner, has distorted petitioner's income to that extent.

For the fiscal year ended January 31, 1919, petitioner deducted on its return $5,121 for salaries which deduction apparently has been allowed, but that total of salaries was not withdrawn and the balance of $1,850 left with the corporation has been included in surplus and income. For the same year the members of the Cohn family were due additional salaries totaling $3,200, which amount was inadvertently not deducted as salary expense, was not withdrawn from petitioner and which was also included in surplus and income. There is no question as to the reasonableness of the salaries for the work performed by members of the Cohn family; the uncontradicted evidence establishes that the additional salaries were informally but actually agreed upon by the stockholders, directors and officers of petitioner and should be allowed as a deduction from gross income in addition to the said $5,121 originally deducted. The undrawn salaries, both original and additional, totaling $5,050, should be excluded from surplus; included in liabilities as accounts payable and excluded from income for the fiscal year ended January 31, 1919.

We have now for consideration the question of the propriety of the Commissioner's assertion of a 25 per cent delinquency penalty computed upon the total tax as computed for the entire fiscal year ended January 31, 1918, where petitioner filed its returns and paid its tax for said year under the Revenue Act of 1917 and failed to file before the due date thereof a return under the Revenue Act of 1918 for the same fiscal year. The president of petitioner testified that he believed that all necessary returns were filed, but he was not certain as to the filing of Form 1120 under the 1918 Act. A return on Form 1120 was not in the file of Commissioner's counsel, but he stated that he did not have sufficient time to make a thorough search therefor prior to the hearing. However, petitioner admits that if the return Form 1120 was filed it was not filed before the due date thereof. If we knew as a fact that petitioner had voluntarily filed a return Form 1120 under the Revenue Act of 1918 even though it were filed after the due date thereof we would be inclined to hold that no penalty is due, for upon this record it would then appear that there was a reasonable cause for the technical delinquency which was not a willful neglect. See *Dayton Bronze Bearing Co.* v. *Gilligan*, 281 Fed. 709. However, we do not decide that question here, for upon this record we do not know whether petitioner filed at any time a

return Form 1120 under the Revenue Act of 1918 and we are forced to decide the question at issue upon the basis that no such return has been filed by petitioner.

The pertinent portion of section 3176 of the Revised Statutes as amended by the section 1317 of the Revenue Act of 1918, provides:

SEC. 3176. * * * In case of any failure to make and file a return or list within the time prescribed by law, or prescribed by the Commissioner of Internal Revenue or the collector in pursuance of law, the Commissioner of Internal Revenue shall add to the tax 25 per centum of its amount, except that when a return is filed after such time and it is shown that the failure to file it was due to a reasonable cause and not to willful neglect, no such addition shall be made to the tax.

Section 200 of the Revenue Act of 1918 defines the first taxable year to be called the taxable year 1918, as the calendar year 1918 or any fiscal year ending during the calendar year 1918.

Section 205 (a) of the Revenue Act of 1918 provides:

Sec. 205. (a) That if a taxpayer makes return for a fiscal year beginning in 1917 and ending in 1918, his tax under this title for the first taxable year shall be the sum of: (1) The same proportion of a tax for the entire period computed under Title I of the Revenue Act of 1916 as amended by the Revenue Act of 1917 and under Title I of the Revenue Act of 1917, which the portion of such period falling within the calendar year 1917 is of the entire period, and (2) the same proportion of a tax for the entire period computed under this title at the rates for the calendar year 1918 which the portion of such period falling within the calendar year 1918 is of the entire period: *Provided*, That in the case of a personal service corporation the amount to be paid shall be only that specified in clause (1).

Any amount heretofore or hereafter paid on account of the tax imposed for such fiscal year by Title I of the Revenue Act of 1916 as amended by the Revenue Act of 1917, and by Title I of the Revenue Act of 1917, shall be credited towards the payment of the tax imposed for such fiscal year by this act, and if the amount so paid exceeds the amount of such tax imposed by this act, or, in the case of a personal service corporation, the amount specified in clause (1), the excess shall be credited or refunded in accordance with the provisions of section 252.

The above quoted section, together with the similar section 335 (a) of the same Act and relative to profits taxes, provide for the method of computing petitioner's tax liability under the Revenue Act of 1918 and the said sections also provide that the taxes paid under the Revenue Act of 1917 for petitioner's same fiscal year shall be credited against the taxes computed under the 1918 Act. The above quoted section 3176 of the Revised Statutes as amended by the Revenue Act of 1918 provides that a 25 per cent delinquency penalty be added to " the tax," for failure to file the required return. However, that term " the tax " is not clear and unequivocal for sections 205 (a) and 335 (a) in providing a method for computing " the tax " also

provide for a credit, of the tax under the 1917 Act for the same fiscal year, towards the payment of the tax imposed by the 1918 Act. The question arises, does "the tax" as used in section 3176 of the Revised Statutes as amended by section 1317 of the Revenue Act of 1918, mean the total tax as computed under that Act, or does it mean the said total tax less the credit provided for? Under such circumstances the statute is to be construed most strongly against the Government and in favor of the citizen. See *Gould* v. *Gould*, 245 U. S. 15.

Statutes should receive a sensible construction, such as will effectuate the legislative intention, and avoid, if possible an unjust or absurd construction.

See also *In re Chapman*, 166 U. S. 661.

The unstrained, natural and just conclusion to be reached upon the reading of the above quoted sections of the Revenue Act of 1918 is that the amount of tax paid under the 1917 Act should be credited against the amount found due for the same fiscal year under the 1918 Act and that if there be a balance due or a deficiency under the 1918 Act then the delinquency penalty should attach to such deficiency. We do not believe that Congress ever intended to penalize a taxpayer for taxes duly paid upon a return made under an existing law. In the case at bar a recomputation pursuant to this decision of the petitioner's tax liability for its fiscal year ended January 31, 1918, will probably show no deficiency and if there be no deficiency there is no additional tax due for that fiscal year under the provisions of the Revenue Act of 1918 and there exists no basis for a penalty under that Act. The Government would have already received its due for that particular year and what could be more unjust than to require a taxpayer to pay a 25 per cent penalty, upon a sum he had paid to the Government, because of a technical delinquency to file a second set of returns for the same fiscal year. True, the 1918 Act required this taxpayer to file a new return for the fiscal year ended January 31, 1918, but only for the purpose of determining if this taxpayer owed the Government any tax in addition to what it had paid under its return duly filed under the 1917 Act.

The petitioner's tax liability should be recomputed for both fiscal years in accordance with this opinion. As to the year ended January 31, 1918, if there are no additional taxes due, there should be no penalty, but if there be additional taxes due there should be added thereto a penalty of 25 per cent of the amount of such additional taxes.

*Judgment will be entered upon 15 days' notice, pursuant to Rule 50.*

Considered by LITTLETON, SMITH, and LOVE.