*10 OPINION.
Arundell:
In connection with his determination of petitioner’s tax liability for the fiscal year ending July 31, 1925, under the 1926 Act, respondent imposed a penalty equal to 25 per cent of the tax so computed by reason of the former’s failure to file a supplemental return for the same period under the 1926 Act.
Section 3176 of the Revised Statutes, as amended by section 1103 of the Revenue Act of 1926, reads, so far as its provisions are material here, as follows:
In case of any failure to make and file a return or list within the time prescribed by law, or prescribed by the Commissioner of Internal Revenue or the collector in pursuance of law, the Commissioner shall add to the tax 26 per centum' of its amount * * *.
This provision of the statute is a reenactment of identical provisions in the Revenue Acts of 1918, 1921, and 1924.
The first taxable year under the 1926 Act to be called the taxable year 1925, is, by section 200 thereof, defined as the calendar year 1925 or any fiscal year ending during the calendar year 1925.
Section 207(a) of the 1926 Act provides a method of computing the tax of a taxpayer having a fiscal year ending in 1925, and subdivision (c) thereof provides for the crediting against taxes imposed bjr the 1926 Act amounts paid on account of taxes imposed by the 1924 Act. The Revenue Acts of 1918, 1921, and 1924 contain similar provisions for fiscal years ending in those years.
Treasury Decision 3843, approved April 1, 1926, provides, in part, as follows:
Any corporation which has filed a return for a fiscal year ending in 1925 and paid or become liable for a tax computed under the Revenue Act of 1924, and is subject to additional tax for the same period under the revenue act of 1926, must file a new return covering such additional tax on or before May 15, 1926.
Similar regulations were promulgated by the Commissioner respecting supplemental returns under the 1918 and 1921 Acts. T. D. 2797 and T. D. 3310.
The statement attached to the deficiency letter shows that the only adjustment made by the respondent in his audit of the return filed by the petitioner under the 1924 Act was to reduce by $26,300 *11 the amount of profit reported on the sale of a lot. On the adjusted net income of $41,223.94 he computed a tax of $5,273.23 under the provisions of section 207(a) of the 1926 Act in lieu of a tax of $8,440.49 shown to be due by the return, resulting in an overassessment of $3,167.26.
In M. Cohn & Sons Co., 9 B. T. A. 87, it was held that the amount of taxes paid under the 1917 Act should be credited against the tax determined to be due for the same fiscal year under the 1918 Act, and if the computation resulted in a balance of tax or a deficiency under the latter act, the delinquency penalty should attach to such deficiency, and if there were no additional taxes due, there was no basis for imposing a penalty for failure to file a supplemental return under the 1918 Act. It is admitted by respondent that the only change the 1926 Act made in the Act of 1924 affecting petitioner’s tax liability was to increase the.rate of taxation on net income from 12y2 per cent to 13 per cent; Petitioner’s tax for the fiscal year 1925 was computed from the return filed by it, and the respondent’s audit of the return actually resulted in a reduction of the tax liability rather than an increase in tax or a deficiency.
The issue, in our opinion, is controlled by M. Cohn & Sons Co., supra. Accordingly, we hold that there is no basis for imposing the penalty.
Of the amount of $56,657.92 claimed as a bad debt deduction, respondent allowed $20,597.31, the sum deducted in the original return, and disallowed the remainder of $36,060.61 claimed in the amended returns.
The Revenue Acts of 1924 and 1926 allow as deductions in computing net income, “ Debts ascertained to be worthless and charged off within the taxable year.” Both of the conditions of the statute must be complied with to obtain the benefit of the deduction. Here, the fapts clearly show that the debts disallowed by respondent were not ascertained to be worthless within the taxable year and were not charged off during that period. On this issue the respondent is sustained.

Decision will he entered under Rule 50.