## APPEAL OF DAVIS FEED CO.

Docket No. 1692.   Submitted July 29, 1925.   Decided September 28, 1925.

> The Revenue Act of 1918, approved February 24, 1919, required taxpayers having a fiscal year beginning in 1917 and ending in 1918, who have consistently filed returns on a fiscal year basis, to file a return under its provisions and to pay the tax computed under the provisions of section 205, and the period within which the Commissioner might assess the tax so computed should be reckoned from the date such return was filed.

*C. B. Hewitt* for the taxpayer.
*Briggs G. Simpich, Esq.,* for the Commissioner.

### Before JAMES, LITTLETON, and SMITH.

This is an appeal from the determination of a deficiency in income and profits tax in the amount of $3,541.13 for the fiscal year ending May 31, 1918. The issue presented is whether or not the assessment and collection of seven-twelfths of such deficiency was barred by the statute of limitations at the time it was assessed by the Commissioner in March, 1924.

#### FINDINGS OF FACT.

Taxpayer is a Vermont corporation with principal office at Rutland. For the fiscal year ending May 31, 1918, it filed a return on Form 1031, on July 29, 1918, under the provisions of the Revenue Act of 1916, as amended by the Revenue Act of 1917, showing a tax of $12,902.03, which was paid on November 8, 1918. Thereafter, on May 1, 1919, taxpayer filed a return on Form 1120 for the same taxable year beginning June 1, 1917, and ending May 31, 1918, as

required by the provisions of the Revenue Act of 1918, approved February 24, 1919. Upon this return a tax of $762.19 was paid.

Upon audit the Commissioner determined an additional tax of $3,541.13 for the fiscal year ending May 31, 1918, computed in accordance with section 205 of the Revenue Act of 1918, which amount he assessed during the month of March, 1924, without giving the taxpayer the benefit of section 250 (d) of the Revenue Act of 1918. Subsequently, taxpayer's claim for abatement of seven-twelfths of the deficiency, upon the ground that assessment and collection were barred by the statute of limitations of five years, was denied.

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

LITTLETON : It is contended by the taxpayer that the Commissioner was prevented by the statute of limitations of five years from assessing and collecting a portion of the deficiency of $3,541.22, for the reason that with respect to seven-twelfths of such tax the statutory period should be reckoned from July 29, 1918, the date of the filing of the return, Form 1031, under the provisions of the Revenue Act of 1916, as amended by the Revenue Act of 1917. The position of the Commissioner is that the date from which the statutory period should be reckoned is the date of filing of the final return, Form 1120, required by the provisions of the Revenue Act of 1918, which return was filed on May 1, 1919, and that, accordingly, the assessment made during the month of March, 1924, was within the five-year period specified by the statute.

Section 250 (d) of the Revenue Act of 1918 provides:

Except in case of false or fraudulent returns with intent to evade the tax, the amount of tax due under any return shall be determined and assessed by the Commissioner within five years after the return was due or was made, and no suit or proceeding for the collection of any tax shall be begun after the expiration of five years after the date when the return was due or was made. * * *

The above-quoted provision of the statute seems clear and unambiguous. However, the situation is complicated by the fact that the Revenue Act of 1918 was not enacted until February 24, 1919, and is retroactive in its application. Prior to the enactment of the Revenue Act of 1918, this taxpayer, whose fiscal taxable year ended May 31, 1918, made a return under the provisions of the Revenue Acts of 1916 and 1917 then in force. Thereafter, on May 1, 1919, pursuant to the provisions of the Revenue Act of 1918, it made a return

on Form 1120 for the same fiscal period. It will be seen, therefore, that this taxpayer has filed two returns for the same taxable period, and the question is presented as to which of these returns set in motion the statute of limitations.

Had the Revenue Act of 1918 not been enacted, it is clear that the period within which the Commissioner might assess the tax would have begun on the date of the filing of the return on Form 1031. It is equally clear that if the Revenue Act of 1918 had been the first revenue act, and the return on Form 1120 filed pursuant thereto had been the first return, then the statute would be reckoned from the date of the filing of such return. It becomes necessary, therefore, to consider the several sections of the Revenue Act of 1918.

In section 200 we find the first taxable year under the Revenue Act of 1918 defined as follows:

Sec. 200. That when used in this title—

The term "taxable year" means the calendar year, or the fiscal year ending during such calendar year, upon the basis of which the net income is computed under section 212 or section 232. The term "fiscal year" means an accounting period of twelve months ending on the last day of any month other than December. The first taxable year, to be called the taxable year 1918, shall be the calendar year 1918 or any fiscal year ending during the calendar year 1918; * * *

Section 230 (a) provides:

That, in lieu of the taxes imposed by section 10 of the Revenue Act of 1916, as amended by the Revenue Act of 1917, and by section 14 of the Revenue Act of 1917, there shall be levied, collected, and paid for each taxable year upon the net income of every corporation a tax at the following rates:

(1) For the calendar year 1918, 12 per centum of the amount of the net income in excess of the credits provided in section 236; and

(2) For each calendar year thereafter, 10 per centum of such excess amount.

See also sections 210, 211, and 301.

Section 239, requiring the filing of returns by corporations, reads as follows:

That every corporation subject to taxation under this title and every personal service corporation shall make a return, stating specifically the items of its gross income and the deductions and credits allowed by this title. The return shall be sworn to by the president, * * * or other principal officer and by the treasurer or assistant treasurer. * * *

See also section 223.

Section 205 (a) prescribing the method of computing the tax in the case of a fiscal year beginning in 1917 and ending in 1918, reads as follows:

That if a taxpayer makes return for a fiscal year beginning in 1917 and ending in 1918, his tax under this title for the first taxable year shall be the

sum of: (1) the same proportion of a tax for the entire period computed under Title I of the Revenue Act of 1916 as amended by the Revenue Act of 1917 and under Title I of the Revenue Act of 1917, which the portion of such period falling within the calendar year 1917 is of the entire period, and (2) the same proportion of a tax for the entire period computed under this title at the rates for the calendar year 1918 which the portion of such period falling within the calendar year 1918 is of the entire period: *Provided*, That in the case of a personal service corporation the amount to be paid shall be only that specified in clause (1).

Any amount heretofore or hereafter paid on account of the tax imposed for such fiscal year by Title I of the Revenue Act of 1916 as amended by the Revenue Act of 1917, and by Title I of the Revenue Act of 1917, shall be credited towards the payment of the tax imposed for such fiscal year by this act, and if the amount so paid exceeds the amount of such tax imposed by this act, or, in the case of a personal service corporation, the amount specified in clause (1), the excess shall be credited or refunded in accordance with the provisions of section 252.

There can be no doubt, in our opinion, that the above-quoted provisions of the Revenue Act of 1918 required taxpayers having a fiscal year ending during the calendar year 1918, and who have consistently filed returns on a fiscal-year basis, to make return of net income for the entire period and pay the tax thereon computed in accordance with section 205. Although this taxpayer filed a return for the fiscal year under the provisions of the prior revenue acts before the Revenue Act of 1918 was enacted, the 1918 Act was retroactive and required taxpayer to file a return of its income for its fiscal year beginning in 1917 and ending in 1918, and to pay the tax imposed thereon. The provisions of the Revenue Act of 1918 relative to returns, therefore, superseded the provisions of the Revenue Act of 1916, as amended by the Act of 1917, and the return filed on May 1, 1919, pursuant to the provisions of the Revenue Act of 1918 must be held to be the return referred to in section 250 (d) of the Revenue Act of 1918. The assessment in March, 1924, of the tax determined under the provisions of the Revenue Act of 1918 for the fiscal year ending May 31, 1918, was, therefore, within the statutory period of five years.

The taxpayer in support of its position that the assessment of that portion of the tax upon its income up to December 31, 1917, was barred at the time the same was assessed in March, 1924, relies upon the decision of this Board in the *Appeal of the National Refining Co.*, 1 B. T. A. 236. The facts in that appeal, however, have no application here and the opinion in that case is not an authority for this taxpayer's contention.

MARQUETTE and TRUSSELL dissenting.

ARUNDELL not participating.