## APPEAL OF COVERT GEAR COMPANY, INC.

Docket No. 7101.     Decided September 25, 1926.

*Lawrence A. Baker, Esq.*, for the petitioner.
*John D. Foley, Esq.*, for the Commissioner.

LITTLETON: On October 8, 1918, petitioner filed an income and profits-tax return, Form 1031, under the provisions of the Revenue Act of 1916, as amended by the Revenue Act of 1917, for the fiscal year ending July 31, 1918, showing a tax amounting to $41,390.97, which was assessed on November 9, 1918.

On February 24, 1919, the Revenue Act of 1918 was approved and became effective from January 1, 1918. On September 29, 1919,

50144°—27——68

petitioner filed a return, Form 1120, for the same fiscal year ending July 31, 1918, under the provisions of the Revenue Act of 1918, showing a total tax for the year of $15,978.62. No assessment in respect of the tax for the fiscal year ending July 31, 1918, other than that of November 9, 1918, has been made. The petitioner requested the Commissioner to abate the amount of the tax assessed upon its return, Form 1031, filed October 8, 1918, in excess of the tax shown upon its return, Form 1120, filed under the provisions of the Revenue Act of 1918. In December, 1924, the Commissioner allowed an overassessment of $9,450.05. On July 16, 1925, the Commissioner made a further audit of the returns for the fiscal year and notified the petitioner of a further overassessment of $2,191.24, computed as follows:

| | |
|---|---:|
| Tax previously assessed | $41, 390. 97 |
| Less overassessment allowed December, 1924 | 9, 450. 05 |
| | 31, 940. 92 |
| Correct tax liability | 29, 749. 68 |
| | 2, 191. 24 |

From this determination, petitioner appealed on September 14, 1925, claiming that the Commissioner erred in not allowing its claim for a deduction for amortization of war facilities under the provisions of the Revenue Act of 1918.

The Commissioner moved to dismiss the appeal upon the ground that he had not determined that there was a deficiency in tax for the fiscal year ending July 31, 1918, and that therefore the Board is without jurisdiction to consider the appeal. The petitioner takes the position that the return filed on September 29, 1919, is the return required by the Revenue Act of 1918, upon which the tax for the fiscal year ending July 31, 1918, under the provisions of the Act of 1918, is to be determined, and since that return showed a tax of $15,978.62, and the Commissioner has finally determined that the correct tax for the taxable year is $29,749.68, a deficiency of $13,-771.06 has been determined and should be reduced by the amount of the deduction which it claims for amortization of war facilities.

We are of the opinion that the position of the petitioner is correct. The return filed September 29, 1919, was the return required by the Revenue Act of 1918, *Appeal of Davis Feed Company*, 2 B. T. A. 616, and superseded the return, Form 1031, filed under the provisions of the Revenue Act of 1916, as amended by the Revenue Act of 1917. Section 283 (f) of the Revenue Act of 1926 provides that if any deficiency in tax imposed by the Revenue Act of 1921 or prior Revenue Acts was assessed before June 3, 1924, but was not paid in full before that date, and if the Commissioner after June 2, 1924,

but before the enactment of the Act of 1926, finally determined the amount of the deficiency, and if the person liable for such tax appealed to the Board before the enactment of the Revenue Act of 1926, and the appeal is pending at the time of such enactment, the Board shall have jurisdiction.

Although the assessment by the Commissioner on November 9, 1918, of the tax shown due on the return filed under the provisions of the Revenue Act of 1917 was not an assessment of a deficiency, the portion of the assessment became a deficiency when, pursuant to the Revenue Act of 1918, the petitioner's return required by that Act showed a tax at less than the amount assessed. When the Commissioner, therefore, on July 16, 1925, finally determined petitioner's claim for abatement and determined that the correct tax for the year was in excess of the amount shown upon its return, he determined a deficiency within the meaning of the statute and, while the situation may not come within the letter of section 283 (f) of the Revenue Act of 1926, it, in our opinion, comes well within the spirit thereof.

> *Motion to dismiss denied. Sixty days allowed to answer.*