FRED T. LEY & CO., INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 18168.   Promulgated December 21, 1927.

*John F. Malley, Esq.*, and *John N. O'Donohue, Esq.*, for the petitioner.

*John D. Foley, Esq.*, for the respondent.

750

OPINION.

LITTLETON: Section 227 (a) of the Revenue Act of 1918 provides "That returns shall be made on or before the fifteenth day of the third month following the close of the fiscal year," and section 241 (a) of that Act provides "That returns of corporations shall be made at the same time as is provided in subdivision (a) of section 227." Sections 227 (a) and 241 (a) of the Revenue Act of 1921, approved November 23, 1921, and effective from January 1, 1921, were identical with the provisions of those sections of the Revenue Act of 1918. On March 16, 1922, Treasury Decision 3305, signed by the Commissioner and approved by the Secretary of the Treasury, was promulgated, providing as follows:

If any taxpayer has, before November 23, 1921, filed a return for a fiscal year ending in 1921, and paid or become liable for a tax computed under the Revenue Act of 1918, *and is subject to additional tax for the same period under the Revenue Act of 1921, the return covering such additional tax may be filed* at the

same time as the returns of persons making returns for the fiscal year ending February 28, 1922, * * *. (Italics ours.)

On March 20, 1922, Treasury Decision 3310, amending Treasury Decision 3305, was promulgated. This Treasury decision, amending the italicized portions of Treasury Decision 3305 quoted above, is as follows:

and is subject to additional tax for the same period under the Revenue Act of 1921, *a* return covering such additional tax *shall* be filed. (Italics ours.)

The petitioner insists that under the statute and the Treasury decisions the return filed by it on June 15, 1921, was a legal return since it was not subject to any additional tax under the provisions of the Revenue Act of 1921. We are of the opinion that the position of the petitioner is correct. The Revenue Act of 1921 did not require the filing of an additional return after the passage of that Act for a fiscal year ended within the year 1921. Under the 1921 Act the Commissioner had authority to make rules and regulations and it is not claimed that he could not properly require the filing of a return under the 1921 Act if any additional tax should be due by reason of any change in the statute. The Treasury decisions plainly require the filing of a return for a fiscal year ending in 1921 after the enactment of the 1921 Act only when the taxpayer is subject to an additional tax under the provisions of that Act. The petitioner was not liable for any additional tax by reason of any difference in the provisions of the Revenue Acts of 1918 and 1921. Clearly under the facts the petitioner was not required to file a second return. It had a right to stand upon the return already made. A refiling of the same return, showing the same information and the same tax, would have been a useless formality.

The Board held in *John Wanamaker Philadelphia*, 8 B. T. A. 864, that a deficiency determined by the Commissioner for a fiscal year beginning in 1920 and ending in 1921 was not barred for the reason that the evidence showed that petitioner was subject to an additional tax under the Revenue Act of 1921 and was therefore required, under the law and regulations, to file a return under that Act. The Commissioner relies upon the Board's decisions in *Davis Feed Co.*, 2 B. T. A. 616, and *Covert Gear Co.*, 4 B. T. A. 1025, as authority for the proposition that it was necessary to file a return after the enactment of the Revenue Act of 1921 in order to start the running of the statute of limitation. Those decisions are not in point. They involve a fiscal year beginning in 1917 and ending in 1918. The Revenue Act of 1918 made a complete change in the Federal income and profits-tax system effective January 1, 1918. Taxes for the most part were greatly increased; invested capital

was defined, larger percentages of invested capital were made deductible, and many other new features were enacted. Practically every taxpayer was subject to an additional tax for such fiscal year. If he were not subject to an additional tax there had been such changes and so many new features introduced into the Revenue Act of 1918 over the Revenue Act of 1916, as amended by the Revenue Act of 1917, as to require the filing of a return under the 1918 Act to enable the Commissioner to make an audit of the tax liability for the fiscal year. The changes in the law made it necessary to issue new and different forms of tax returns, and Form 1120, income and profits-tax return, was issued to be used by corporations in lieu of Form 1031 issued under the prior revenue acts. In *Davis Feed Co., supra*, the taxpayer was subject to an additional tax and, by regulations prescribed by the Commissioner by authority of law, was required to file a return under the Revenue Act of 1918. In *Covert Gear Co., supra*, the taxpayer was subject to higher rates of tax upon its income, but due to new provisions of the Revenue Act of 1918 it was entitled to deductions not previously allowable which, when it made its return under the Revenue Act of 1918, resulted in a less tax than had previously been shown. However, the underlying principle necessitating the making of a return under the 1918 Act was the same.

The circumstances involved in this proceeding are not parallel to the situation before the court in *United States* v. *Updike*, 1 Fed. (2d) 550, 555; *Updike* v. *United States*, 8 Fed. (2d) 913, 915. As was said by the court in *Updike* v. *United States*, returns under the Act of 1917 "obviously could not cover the increased taxes imposed by the latter Act. For the ascertainment of the latter a return would be logical and essential, and its requirement agrees with the procedure established by Congress in all revenue laws of this nature." In the *Updike* case the taxpayer had failed to file any excess-profits-tax return. That case clearly is not authority for the decision of the question here involved.

Whether petitioner was subject to an additional tax under the Revenue Act of 1921 depended upon its income. This is a matter of fact. The parties have stipulated that no portion of the deficiency determined by the Commissioner "results from any change or difference in the Revenue Act of 1921 from the Revenue Act of 1918."

Assessment and collection of any deficiency for the taxable year here involved is barred by the statute of limitation.

Reviewed by the Board.

*Judgment of no deficiency will be entered.*