HUTCHINSON CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13308. Promulgated November 19, 1928.

*Frederick L. Pearce, Esq.*, for the petitioner.
*J. L. Buckstrom, Esq.*, for the respondent.

OPINION.

MURDOCK: The petitioner invokes the bar of the statute of limitations to the determination and assessment of the deficiency for the fiscal year 1921. Section 250 (d) of the Revenue Act of 1921, insofar as it is applicable to the present case, provides as follows:

The amount of income, excess-profits, or war-profits taxes due under any return made under this Act for the taxable year 1921 * * * shall be determined and assessed by the Commissioner within four years after the return was filed, * * *.

The question, then, is, Was the return filed June 15, 1921, such a return as would start the four-year period? If so then our judgment

must be for the petitioner, if not then the Commissioner must be sustained. The petitioner's fiscal year ended in the year 1921, and on the fifteenth day of the third month following the close of that fiscal year this return was filed. Thereafter on November 23, 1921, the Revenue Act of 1921 was passed, which effected at least one change in this petitioner's tax liability in that under it the petitioner was not entitled to the $2,000 exemption during the three months of the fiscal period which were in the year 1921. Thus under the 1921 Act at least $50 additional tax was due according to the petitioner's own calculation over that shown by the return filed June 15, 1921. The petitioner recognized this fact, filed a new return showing this very difference in its tax liability, and paid the additional tax. Yet it claims that the four-year period of limitation started from the filing of the return of June 15, 1921.

The 1921 Act did not specifically provide that new returns should or should not be made under such circumstances. The Commissioner has held that the question of whether or not a new return was required by the Revenue Act of 1921, and other Acts the passage of which gave rise to similar controversies, turned on whether or not under the new Act the taxpayer was subject to additional tax.

The courts and this Board have taken the same view of the question as has been taken by the Commissioner and have held that where additional tax is due the return filed before the passage of the Act will not start the period of limitations provided in the Act, but where no additional tax is due, the filing of a new return would be a useless formality and the first return will serve every purpose. *United States* v. *Updike*, 1 Fed. (2d) 550, and the same case in the Circuit Court of Appeals, 8 Fed. (2d) 913; certiorari denied, 271 U. S. 661. *John Wanamaker Philadelphia*, 8 B. T. A. 864; *Fred T. Ley. & Co.*, 9 B. T. A. 749; *M. Brown & Co.*, 9 B. T. A. 753; *Keystone Coal & Mining Co.*, 10 B. T. A. 295; *Palmetto Coal Co.*, 11 B. T. A. 154; *Whitehouse Leather Products Co.*, 12 B. T. A. 714; *Louisville Veneer Mills*, 12 B. T. A. 1352; *C. A. Lawton Co.*, 13 B. T. A. 8. Such a view is not unreasonable even in a case where the only change is the elimination of an exemption in the computation of the tax, because it places upon the taxpayer the responsibility of making a return showing what it honestly believes is its tax liability under the Act, which liability it then must meet by payments in due time. This is the usual and orderly way in which all taxes under the Act are reported and paid. See *United States* v. *Updike, supra.* To hold that where additional tax is due as the result of the elimination of an exemption, the Commissioner must recompute the tax liability and assess and collect the tax at his peril as he must do where he takes a different view of the tax lia-

bility from that shown on the return, would be unusual, burdensome to him, unreasonable and a strained interpretation of the Act. On this point we sustain the Commissioner.

*Judgment will be entered under Rule 50.*