562

VALENTINE-CLARK CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 19043.   Promulgated December 5, 1928.

*George E. Wallace, Esq.*, and *C. H. Preston, C. P. A.*, for the petitioner.

*A. H. Fast, Esq.*, for the respondent.

## OPINION.

LANSDON: The only question here is whether on June 3, 1926, the statute of limitations had run against the deficiency asserted by the Commissioner on that date. In conformity with the provisions of the Revenue Act of 1918, the petitioner on April 14, 1921, filed its income and profits-tax return for the fiscal year ended January 31, 1921. Thereafter, on November 23, 1921, the Revenue Act of 1921 was enacted. In that Act there is no provision requiring corporations which had theretofore filed returns for a fiscal year ended in 1921 to file any additional returns for such year. It does, however, contain the following provision:

SEC. 1303. That the Commissioner, with the approval of the Secretary, is hereby authorized to make all needful rules and regulations for the enforcement of the provisions of this Act.

Pursuant to the authority granted by section 1303, Treasury Decision 3305, signed by the Commissioner and approved by the Secretary, was promulgated, and provided as follows:

If any taxpayer has, before November 23, 1921, filed a return for a fiscal year ending in 1921, and paid or become liable for a tax computed under the Revenue Act of 1918, *and is subject to additional tax for the same period under the Revenue Act of 1921, the return covering such additional tax may be filed* at the same time as the returns of persons making returns for the fiscal year ending February 28, 1922. * * * (Italics supplied.)

On March 20, 1922, the Commissioner promulgated Treasury Decision 3310, amending the italicized part of Treasury Decision 3305, *supra*, to read as follows:

and is subject to an additional tax for the same period, under the Revenue Act of 1921, a return covering such additional tax *shall* be filed. (Italics supplied.)

It is stipulated that in the return filed the taxpayer took an exemption in the amount of $2,000 in the computation of tax due under the Act of 1918, and that under the Act of 1921 it was not entitled to any such exemption for the fiscal year ended January 31, 1921. It is obvious, therefore, that an additional tax for the fiscal year ended January 31, 1921, was imposed on this taxpayer by the Revenue Act of 1921. In such circumstances the Commissioner by his regulations, *supra*, required an additional return. Such return has never been filed and, therefore, there is no return of this taxpayer for the year ended January 31, 1921, which can be regarded as the return required

by law and no date from which the statute of limitations started to run against this petitioner for such taxable year. On June 3, 1926, the Commissioner had authority to assert the deficiency here in controversy. *John Wanamaker, Philadelphia,* 8 B. T. A. 864; *Fred T. Ley & Co.,* 9 B. T. A. 749; *Hutchinson Co.,* 14 B. T. A. 367; *Updike v. United States,* 8 Fed. (2d) 913.

Reviewed by the Board.

> *This proceeding will be restored to the Circuit Calendar to be heard on its merits in due course.*