## GUS HOLSTINE DRY GOODS CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 24656. Promulgated June 24, 1929.

*Frank F. Nesbitt, Esq.,* for the petitioner.
*W. Frank Gibbs, Esq.,* for the respondent.

OPINION.

SIEFKIN: It appears that more than five years elapsed between the time the return was filed and the mailing of the deficiency notice. Did petitioner's failure to file another return under the Act of 1921 prevent the running of the statute of limitations? The return filed apparently meets the requirements of the Revenue Act of 1918, which was in force at the time of filing. Petitioner concedes that the $2,000 credit allowed was reduced by $366.67 under the provision of the 1921 Act. The result would be that the 1921 Act resulted in an additional tax. In *Palmetto Coal Co.*, 11 B. T. A. 154, and *Denholm & McKay Co.*, 15 B. T. A. 225, no additional tax was due under the Revenue Act of 1921 and those cases are not controlling upon these facts. The facts in this proceeding are comparable to those in *Valentine-Clark Co.*, 14 B. T. A. 562, and cases therein cited. We must hold that a return was necessary under

the 1921 Act, and, no such return having been filed, the statute of limitations has not run.

The evidence discloses that the petitioner intended that the inventory of merchandise on hand at February 28, 1921, the end of the fiscal year, should be taken at cost or market, whichever was lower, but due to the mistake of an accountant it was computed at cost. The inventory at cost which amounted to $228,071.62 was reduced to $205,844.98 on account of damaged goods on hand and this figure was submitted in the return as the closing inventory and was used by the respondent in computing the petitioner's tax liability for the year in question. Petitioner now contends that the market value of the inventory should be used instead of the cost.

Section 203 of the Revenue Act of 1921 provides:

That whenever in the opinion of the Commissioner the use of inventories is necessary in order clearly to determine the income of any taxpayer, inventories shall be taken by such taxpayer upon such basis as the Commissioner, with the approval of the Secretary, may prescribe as conforming as nearly as may be to the best accounting practice in the trade or business and as most clearly reflecting the income.

Article 1582 of Regulations 62, which was promulgated under the Revenue Act of 1921, provides in part:

* * * Any goods in an inventory which are unsalable at normal prices or unusuable in the normal way because of damages, imperfections, shop wear, changes of style, odd or broken lots, or other similar causes, including second-hand goods taken in exchange, should be valued at bona fide selling prices less cost of selling whether basis (a) or (b) is used, or if such goods consist of raw materials or partly finished goods held for use or consumption, they should be valued upon a reasonable basis, taking into consideration the usability and the condition of the goods, but in no case shall such value be less than the scrap value. Bona fide selling price means actual offerings of goods during a period ending not later than 30 days after inventory date. The burden of proof will rest upon the taxpayer to show that such exceptional goods as are valued upon such selling basis come within the classifications indicated above, and he shall maintain such records of the disposition of the goods as will enable a verification of the inventory to be made.

In respect to normal goods whichever basis (a) or (b) is adopted must be applied with reasonable consistency to the entire inventory. Taxpayers were given an option to adopt the basis of either (a) cost or (b) cost or market, whichever is lower, for their 1920 inventories, and the basis adopted for that year is controlling and a change can now be made only after permission is secured from the Commissioner. * * *

Petitioner's opening inventory for the year in question, as well as all prior inventories, had been taken on a cost basis. Under article 1582 of Regulations 62, petitioner is, therefore, required to compute its inventory at the close of the fiscal year ended February 28, 1921, upon the same basis. Petitioner depends upon article 1582 of Regulations 45, which provides in part as follows:

* * * A taxpayer may, regardless of his past practice, adopt the basis of "cost or market, whichever is lower", for his 1920 inventory, provided a disclosure of the fact and that it represents a change is made in the return. Thereafter changes can be made only after permission is secured from the Commissioner. * * *

However, Regulations 62, and not Regulations 45, applies to the inventory in question. The Revenue Act of 1921 applies to the taxable year 1921, and, as pointed out in section 200 of that Act, the term "taxable year" means the calendar year or the fiscal year ending during such calendar year. Likewise, Regulations 62, promulgated under the Revenue Act of 1921, applies to fiscal years ending during the calendar year 1921.

We must hold that under Regulations 62 the petitioner is required to compute its closing inventory for the fiscal year ending February 28, 1921, upon the basis of cost.

At the hearing the respondent moved that he be allowed to amend his pleading to allege that the closing inventory should be increased to $228,071.62. As stated above, this was the cost of the goods on hand. This motion is herewith granted.

Article 1582 of Regulations 62 allows taxpayers to enter damaged goods in the inventory at bona fide selling prices, less cost of selling. Petitioner has shown that some of its goods were damaged by a fire, but, due to the fact that the motion of the respondent was made at the end of the hearing, it has had no opportunity to show "actual offerings of goods during a period ending not later than 30 days after inventory date." The case will be restored to the calendar for further hearing upon this question.

Reviewed by the Board.