*1104 OPINION.
Murdock :
This is another case where the taxpayer having a fiscal period ending in 1921 filed a return prior to the passage of the Revenue Act of 1921. This Act increased the tax liability of this taxpayer in at least one particular, i. e., under the 1921 Act this taxpayer was not entitled to the exemption of $2,000 alloAved under the 1918 Act and claimed on the return filed. Thus, it OAVed additional taxes under the 1921 Act. It contends that the filing of this return started the four-year period of limitation provided by the Revenue Act of 1921 in section 250 (d) for taxes due under any return made under that Act for the taxable year 1921. If it is correct in this contention, determination and assessment was barred before December 14, 1925, the date of the deficiency notice. But if this return did not start the running of the four-year period, then the respondent has made his ATirious moves in due time, for if the five-year period provided for returns made under prior Acts should *1105 a.pply, or if the return filed in January, 1922, started the four-year period, or if no return has been filed which would start the four-year period, in any of these three situations the letter ‘of December 14, 1925, was timely. It is worthy of note that the petitioner claimed the exemption of $2,000 on its return filed January 14, 1922, even though at that time the Revenue Act of 1921, which did not allow such an exemption, had been passed, and the Commissioner failed to note the discrepancy in his final determination of the deficiency.
We hold, following the reasoning in Hutchinson Co., 14 B. T. A. 367 and cases there cited, that on December 14, 1925, the Commissioner was not barred from determining and assessing a deficiency as to this taxpayer for its fiscal period ending April 30, 1921. See, also, Valentine-Clark Co., 14 B. T. A. 562.

Judgment will be entered for the respondent.