MYLES SALT CO., LTD., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 21200.   Promulgated January 13, 1930.

*E. Barrett Prettyman, Esq.*, for the petitioner.
*Arthur H. Murray, Esq.*, for the respondent.

OPINION.

Smith: The question presented by this proceeding is whether the deficiency in tax for the fiscal year ended February 28, 1921, is barred by the statute of limitations. The respondent contends that it is not by reason of the fact that the petitioner never filed the income and profits-tax return required to be filed by the Revenue Act of 1921; that therefore four years have not elapsed from the date of the filing of the required return to the date of the deficiency notice, namely, September 17, 1926. In support of this proposition the respondent cites *Updike* v. *United States*, 8 Fed. (2d) 913; certiorari denied by Supreme Court, 271 U. S. 661; *Davis Feed Co.*, 2 B. T. A. 616; *Covert Gear Co.*, 4 B. T. A. 1025; *John Wanamaker Philadelphia*, 8 B. T. A. 864; *M. Cohn & Sons Co.*, 9 B. T. A. 87; *Fred T. Ley & Co.*, 9 B. T. A. 749; *M. Brown & Co.*, 9 B. T. A. 753; *Keystone Coal & Mining Co.*, 10 B. T. A. 295; *Whitehouse Leather Products Co.*, 12 B. T. A. 714; *Louisville Veneer Mills*, 12 B. T. A. 1352; *C. A. Lawton Co.*, 13 B. T. A. 8.

The petitioner, on the other hand, relies upon the proposition that it filed the required return on May 16, 1921, and that more than four

years elapsed from that date to the date when the deficiency notice was mailed to it. In support of this proposition it cites *Fred T. Ley & Co.*, *supra; M. Brown & Co.*, *supra; Farmers Elevator Co.*, 13 B. T. A. 1079; *Farmers Cooperative Co.*, 13 B. T. A. 1080.

In *John Wanamaker Philadelphia*, *supra*, we stated;

* * * The Revenue Act of 1921 clearly required all corporations having a fiscal year ending during the calendar year 1921 to file a return in accordance with the provisions of that Act. Treasury Decision 3305 inferentially relieved taxpayers who or which had filed returns for a fiscal year ended in 1921 under the provisions of the Revenue Act of 1918 from filing second returns under the provisions of the Revenue Act of 1921, provided such second returns would not show any additional tax payable. Treasury Decision 3310 clearly required the filing of such return where an additional tax was payable * * *.

The decisions of the Board have been consistent with respect to this proposition.

By reason of a change in the law effected by the Revenue Act of 1921, the petitioner had a greater liability for tax for the fiscal year ended February 28, 1921, than it had under the provisions of the Revenue Act of 1918. Upon its return of gross income and deductions therefrom it had a greater liability under the later act than it had under the former. It was therefore required to file a return under the provisions of the later act. This it failed to do.

All of the cases relied upon by the petitioner in support of the operation of the statute of limitations and cited above involve cases where the Revenue Act of 1921 did not impose any greater tax liability than was imposed by the Revenue Act of 1918. Thus, in *Fred T. Ley & Co.*, *supra*, we stated in the syllabus:

* * * Petitioner was not liable for an additional tax for such taxable year [fiscal year ended February 28, 1921] after the enactment of the Revenue Act of 1921 by reason of any change in the law. * * *

We therefore held that it was not required by the regulations of the Commissioner to file a return under the provisions of the Revenue Act of 1921. The same conditions obtained in all of the other cases cited by the petitioner.

Since admittedly the petitioner had a greater tax liability under the Revenue Act of 1921 for the fiscal year ended February 28, 1921, than it had under the Revenue Act of 1918 for the same fiscal year, and since it filed no return as required by the Revenue Act of 1921 and the regulations of the Commissioner thereunder, we are of the opinion that the statute of limitations has not operated to bar the assessment and collection of the deficiency determined by the respondent in the amount of $13,848.22.

Reviewed by the Board.

*Judgment will be entered for the respondent.*

TRUSSELL, dissenting: I am unable to agree with the conclusion reached in the foregoing opinion that the term of the limitation has never begun to run, as petitioner was required under the rules and regulations in effect for enforcement of the provisions of the Revenue Act of 1921 to file a new return after the passage of that Act; that the return filed is not a return under the Revenue Act of 1921; and that petitioner is in the same position as if it had filed no return for the fiscal year in question.

There is no evidence that the return filed on May 16, 1921, was made falsely and with intent to defraud or evade taxation. The sole question is whether a new return was required to be filed for this same period after the passage of the Act of 1921 on November 23, 1921, and which was made retroactive and applicable to all fiscal years ending in 1921, and there is no question that the deficiency letter was mailed on September 16, 1926, or five years, four months and one day after the filing of this return, that no assessment of the deficiency has been made and no waiver has been executed by petitioner. If the term of the limitation upon assessment and collection dates from the filing of this return, the four-year period provided by section 277 (a) (2) of the Revenue Act of 1926 has run.

The Revenue Act of 1921 carries no provision directing the filing of a new return for fiscal years ending in 1921, and in respect of which returns had already been filed in that year under the prior Revenue Act, and I can see no reason for a taxpayer in such case to file a new return under the 1921 Act unless the provisions of that act created a liability for additional taxes by changing the basis for the computation of gross income or the basis for deductions in arriving at net income, and thus necessitating the furnishing of additional information to respondent without which a correct computation of tax liability could not be made under the new act. Respondent, in enforcing the provisions of the new act, by Treasury Decision 3310, provided:

If any taxpayer has before November 23, 1921, filed a return for a fiscal year ending in 1921, and paid or become liable for a tax computed under the Revenue Act of 1918, and is subject to additional tax for the same period under the Revenue Act of 1921, the return covering such additional tax shall be filed at the same time as the returns of persons making returns for the fiscal year ending February 28, 1922, are due under the law and regulations, and payment of such additional tax is due in the same installments and at the same time as in the case of payments based on returns for the fiscal year ending February 28, 1922. If no part of the tax for the taxpayer's fiscal year was due until after November 22, 1921, the whole amount of tax due, including the tax due under the original return and the additional tax due under the new return, will be payable in the same installments and at the same times as in the case of payments based on returns for the fiscal year ending February 28, 1922. Attention is directed to the provisions of sections 214 (a) (9) and 234 (a) (8) of the Revenue Act of 1921.

The wording of the foregoing Treasury Decision conveys to my mind but one meaning, this being that returns, such as the one here in question, filed for 1921 fiscal years under the Revenue Act of 1918 will, for purposes of the Revenue Act of 1921, be considered by respondent as proper returns for the period in question to the extent of the income reported and tax computed thereunder, and assessment and collection of the tax liabilities incurred and so reported will be made, and that an additional or amended return will be required only from those upon whom the Revenue Act of 1921 places an additional tax liability, this amended return to be made only in respect to such additional tax, which will thereupon be covered by an additional assessment and collected at the time or times at which tax payments will be due for the succeeding fiscal year. In this connection it is noted that the return here in question was filed on May 16, 1921, and that on November 22, 1921, when the Revenue Act of 1921 was approved, this petitioner had not only filed a return complying fully with the requirements of that act, but presumably assessment had been made of the tax computed thereunder and three of the four installments of such tax had been collected, and yet respondent now contends that the return filed is a nullity in so far as the Revenue Act of 1921 is concerned and that this taxpayer must be considered as having filed no return for the period in question, and the foregoing opinion reaches the same conclusion.

When we examine the deficiency determined in this case it is noted that no part of it consists of taxes due under the 1921 Act and not due under the Act of 1918, with the exception of $33.33 which arises merely from the fact that the 1918 Act allows a specific exemption of $2,000 to all corporations which is not allowable to this particular taxpayer under the Act of 1921, its reported net income being in excess of $25,000, and two months of the fiscal year here in question falling in 1921, the exemption is accordingly only $1,666.66 instead of the full amount deducted by this petitioner. The adjustment of this item is a formal one calling for a simple computation upon the facts appearing on the face of the return filed, and I do not think that the provisions of the Act require or the provisions of the regulations announced by respondent could be reasonably construed by a taxpayer, under these circumstances, as requiring him to file a new return merely to make a formal adjustment in computation in respect to the tax shown as due on the original return where the amount of such adjustment is one subject to immediate determination on the facts and figures furnished thereby. The new return, if filed, would have been the same with merely a slight change in the computation of the tax. Can it be said that this petitioner was by the Revenue Act of 1921 required to file a

new return, or could be required by an administrative regulation to file a new return, merely to recompute the tax due by that Act upon a net income which was the same under the provisions of that or the preceding act? The return filed set out all the items required by section 239 of the 1921 Act as essential to a corporate return and section 250 (b) places upon the respondent, not the taxpayer, the duty of recomputing the tax in case it is incorrectly computed, by providing:

As soon as practicable after the return is filed, the Commissioner shall examine it. If it then appears that the correct amount of the tax is greater or less than that shown on the return, the installments shall be recomputed. * * *

The conclusion reached in the foregoing opinion, that the statute of limitations has not yet begun to run, as petitioner must be considered as never having filed a return in view of the administrative rule laid down, is, to my view, not sound. Respondent contends that his action was taken under authority granted by section 1303 of the Act authorizing him to make all needful rules or regulations for enforcement of its provisions, but this contention is in disregard of the well settled rule that implied authority of an executive department to extend or modify an act of Congress may not be inferred from an express authority to enforce it. *United States* v. *11,150 Pounds of Butter*, 195 Fed. 657. The only provision of the act in question for extension of the period provided thereby for assessment and collection of the tax is by section 250 (d), the same section creating the limitation, by a "consent in writing," signed by respondent and the taxpayer, to a later determination, assessment and collection, and it is not contended that such a consent has been executed. Can it be thought that respondent can avoid the provisions of section 250 (d) referred to by disregard of a return regularly filed and which complies fully with the requirements of the Act and by regulation require it to be again filed and, on failure of the taxpayer to comply with such regulation, class him as one who has failed to file a return and consequently is excepted by that section from the operation of the limitation upon assessment and collection?

The Revenue Act of 1921 by its terms was made retroactive to January 1, 1921. It required returns for fiscal years ending in 1921 to be made within a certain time after the close of such years and this return was made at such time; it required the returns to state items of gross income and deductions allowed by its provisions and report the net income so arrived at, and this return must be admitted to have complied fully with this requirement; it provided a specific limitation of time for assessment and collec-

tion of the tax, to date from the filing of the return. Can it be said that respondent could, by an administrative regulation, wipe out the effect of the return so filed, require it to be again filed at a later date, and thus extend the time specifically provided by the Act for assessment and collection of the tax? That there is no limitation of time in enforcement by the Government of obligations due it unless specifically created by act of Congress is too well settled to require argument. *United States* v. *Insley,* 130 U. S. 263; *United States* v. *Beebe,* 127 U. S. 338; *United States* v. *Nashville, etc. R. Co.,* 118 U. S. 120; *Simmons* v. *Ogle,* 105 U. S. 271. Whether or not the Congress could delegate to respondent the power to fix the date on which the limitation provided will begin to run need not be considered, for the Act itself fixes that date as the one on which the return is filed and there is nothing in the Act which can in any way be construed as granting respondent the right to directly or indirectly change that date to a later one and thus deny to this taxpayer the privilege specifically granted him by the Act. The foregoing opinion holds that the return filed had no effect—that petitioner has in law filed no return, and yet the deficiency determined shows that the return in question has been received, accepted, and audited by respondent and is the basis for the deficiency determined. The question here is not the same as that decided in the cases of *Updike* v. *United States,* 8 Fed. (2d) 913, and *United States* v. *Updike,* 32 Fed. (2d) 1. In each of those cases the taxpayer, prior to the passage of the Revenue Act of October 3, 1917, filed a return for the fiscal year ending June 30, 1917, and, when called upon, refused to file a new return for that period under that act, which was retroactive. In those cases the court found that the information necessary to determine the taxpayer's liability for taxes under the Act of October 3, 1917, was not furnished by the returns filed under the former act and held that under such conditions those returns did not comply with the requirements of the later act and could not be considered as returns under that act starting the running of the limitation upon assessment. In the present case that condition (sufficient information in the return to determine the tax liability under the new act), the absence of which the court in those cases held precluded the consideration of the return as a basis for the starting of the limitation, is clearly shown to exist and the reasoning of those opinions is, I think, on the facts herein proven, contrary to the conclusion reached in the majority opinion.

By Title II of the Revenue Act of 1921 it is provided:

Sec. 227. (a) That returns (except in the case of nonresident aliens) shall be made on or before the fifteenth day of the third month following the close

of the fiscal year, or, if the return is made on the basis of the calendar year. then the return shall be made on or before the 15th day of March. * * *

Sec. 241. (a) That returns of corporations shall be made at the same time as is provided in subdivision (a) of section 227. * * *

Sec. 263. That this title shall take effect as of January 1, 1921.

By these enactments Congress provided *as of January 1, 1921,* that returns of income for fiscal years ending in 1921 should be made within three months and 15 days following the close of such fiscal years. The return here in question was filed by petitioner subsequent to the effective date of that act and complied fully with these requirements. It is not contended that it would have been an insufficient return if filed subsequent to the passage of that act or subsequent to the date of Treasury Decision 3310 heretofore quoted.

Even though it be held that the return in this case filed on May 16, 1921, could not be considered as having been filed under the Revenue Act of 1921, because such act was passed subsequent to that date, it does appear that such return was on file when that act became law, and respondent from that time forward had in his hands a return made under oath by this taxpayer, covering the period in question, filed at the time required by that act to be filed, and furnishing the information required by that act. The regulation of the Commissioner requiring new returns to be filed, if applicable to this taxpayer, called for a new return to be filed under the 1921 Act by May 15, 1922, and it is not questioned that the refiling of this same return would have been a full compliance with that regulation. It is true that the return filed on May 16, 1921, was not again filed with the respondent by May 15, 1922, but it does appear that upon that date no action was taken by this taxpayer to file a new return, and it appears to me that these existing conditions were sufficient to put respondent upon notice that the return on file was being then relied upon and offered by the taxpayer as the return required of him under existing law. This, coupled with the fact that the return complied with the requirements of the law and was accepted, examined, and the deficiency here in question determined thereon by the Commissioner, is, I think, sufficient to establish the fact that the petitioner had in any event, as of that date, submitted the necessary return. If the term of the limitation upon assessment and collection was in effect or began to run upon that date, May 15, 1922, the four-year period for assessment and collection provided by the Act of 1921 would have elapsed prior to the determining of the deficiency here in question on September 17, 1926.

I can not agree with the majority opinion that this taxpayer has never filed a return which can be considered as such under the Revenue Act of 1921, when the record shows it as submitting a

750

return complying with that act and this return considered by respondent and the deficiency here appealed determined thereon. It does not appear that petitioner was ever called upon by respondent to file another return nor was action taken under section 3176 of the act in question to file a return for it as called for in the case of a taxpayer who has failed to make a return. On the other hand, we find the petitioner notified by respondent of a deficiency determined " from an audit of your income and profits tax return for the fiscal year ended February 28, 1921."

Petitioner's legal obligation is one imposed by the Act and his compliance with its requirements entitles him to the benefits and protection of its provisions, and I think that he is entitled to have assessment and collection made within the period provided thereby and as changed by subsequent amendment, and that such period could not be extended, and his right under the Act abridged by an administrative requirement that he again comply with its provisions.

That the conclusion reached by the foregoing opinion is unreasonable is, I think, best illustrated by an application of it to two corporations filing returns on the same date, for 1921 fiscal years, under conditions similar to those here involved, and reporting net incomes of $25,000 and $25,001, respectively, the only difference being that one has returned one dollar on net income in excess of the other. On appeal from deficiencies determined against each after expiration of the statutory period for assessment and collection, an application of the rule laid down by the majority opinion would necessarily hold that the first corporation had filed a return under the 1921 Act but the second had filed no return; that as to the first corporation collection could not be made of the deficiency determined, but as to the second the statute of limitations did not bar assessment and collection. Such a conclusion is reached by a refinement of reasoning with which I can not agree.

BLACK and SEAWELL agree with this dissent.