ADAMS, CUSHING & FOSTER, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 16079.   Promulgated February 27, 1930.

*Frank J. Albus, Esq.*, for the petitioner.
*W. Frank Gibbs, Esq.*, for the respondent.

OPINION.

SMITH: The petitioner contends that the statute of limitations question here raised comes squarely within our decisions in *Fred T.*

*Ley & Co.*, 9 B. T. A. 749; *M. Brown & Co.*, 9 B. T. A. 753; *Keystone Coal & Mining Co.*, 10 B. T. A. 295; *Farmers Elevator Co.*, 13 B. T. A. 1079; and others wherein we held, in effect, that, a return having been filed under the 1918 Act, a taxpayer was not required to file under the Revenue Act of 1921 an additional return for a fiscal year ended within the year 1921, except where the taxpayer was subject to an additional tax liability under the provisions of the latter act. At the hearing the parties submitted a statement of agreed facts substantially as set forth in our findings of fact above. The facts shown, we think, conform more nearly to those in *John Wanamaker Philadelphia*, 8 B. T. A. 864, and *Myles Salt Co., Ltd.*, 18 B. T. A. 742, particularly the latter, since the petitioner herein has filed no return for the taxable year before us under the provisions of the 1921 Act, in which we held that in cases where the tax liability was increased by the provisions of the 1921 Act a new return was required to be filed after the passage of that act and that the statute of limitations would run from the filing of such return. In the *Myles Salt Co., Ltd.*, case we said:

Since admittedly the petitioner had a greater tax liability under the Revenue Act of 1921 for the fiscal year ended February 28, 1921, than it had under the Revenue Act of 1918 for the same fiscal year, and since it filed no return as required by the Revenue Act of 1921 and the regulations of the Commissioner thereunder, we are of the opinion that the statute of limitations has not operated to bar the assessment and collection of the deficiency determined by the respondent in the amount of $13,848.22.

It will be noted that in the *Myles Salt Co., Ltd.*, case the petitioner had claimed in its return filed under the 1918 Act a credit of $2,000, whereas under the 1921 Act it was entitled to a credit of only $1,666.66. Likewise, the petitioner here claimed a credit of $2,000 in its return to which it was entitled under the 1918 Act, but under the 1921 Act it was entitled to a credit of only eleven-twelfths of that amount, or $1,833.34. It was on account of the difference in the amount of the credit allowable under the 1918 and 1921 Acts that the *Fred T. Ley & Co.* case and others upon which the petitioner relies are distinguishable from the *Wanamaker* and the *Myles Salt Co., Ltd.*, cases, as well as the instant one.

Upon authority of *John Wanamaker Philadelphia* and *Myles Salt Co., Ltd.*, we hold that the assessment and collection of the deficiency herein is not barred by the statute of limitations.

In its brief the petitioner states:

The assessment and/or collection of any additional tax from the petitioner for the fiscal year ended January 31, 1921 appears so clearly to be outlawed that the petitioner in this appeal is relying solely on the question of the expiration of the statute of limitations.

Regardless of whether the petitioner intended to waive its contention with respect to the merits, we are satisfied from the facts shown, substantially all of which have been stipulated by the parties, that the respondent properly included in petitioner's income the amount received by it during the year in consideration for the assignment of its lease to the First National Bank of Boston. The assignment was completely executed and the transaction closed during the taxable year and the petitioner's gain thereon was ascertainable to a certainty at that time. We have before us no evidence refuting the correctness of the respondent's determination of the amount of the petitioner's taxable gain.

*Judgment will be entered for the respondent.*