G. CORRADO COAL & COKE INTERESTS, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 27972. Promulgated April 24, 1930.

*Clarence A. Miller, Esq.*, for the petitioner.
*W. R. Lansford, Esq.*, for the respondent.

692

MURDOCK: The Commissioner determined a deficiency of $14,370.75 in the petitioner's income and profits tax for the fiscal year beginning June 1, 1920, and ending May 31, 1921. The petitioner alleges (1) that the Commissioner erred in his computation of invested capital by disallowing the cost of certain contracts, purchased by the petitioner during the taxable year in question; and (2) that assessment and collection of the deficiency is barred by the statute of limitations.

At the hearing the first allegation of error was waived, leaving for determination only the question of limitations.

The petitioner is a Pennsylvania corporation with offices at Connellsville in that State. Its books are kept on a fiscal year basis.

On August 15, 1921, the petitioner filed its income and profits-tax return for the fiscal year in question, reporting net income of $85,782.15. No other return of income and profits of any kind has been filed. No waivers have been filed. There is no contention that the return filed was false or fraudulent with intent to evade tax.

The deficiency letter was mailed to the petitioner on March 5, 1927. No controversy affecting income and profits taxes for the fiscal year in question, except that involved herein, is pending against the petitioner and no suit or other proceeding for the collection of the deficiency, except this proceeding, has been begun against the petitioner.

In its return the petitioner claimed a credit of $2,000, in accordance with section 236(c) of the Revenue Act of 1918. On November 23, 1921, the Revenue Act of 1921 was passed. Under it the petitioner was not entitled to that part of the credit claimed which was allocable to that portion of its fiscal year within the calendar year 1921.

There are no facts in the instant case which warrant a conclusion different from the one reached in the following cases, and it is accordingly held that the Commissioner is not barred by the statute of limitations from assessing and collecting the taxes in controversy. *John Wanamaker Philadelphia*, 8 B. T. A. 864; *C. A. Lawton Co.*, 13 B. T. A. 8; *Hutchinson Co.*, 14 B. T. A. 367; *Valentine-Clark Co.*, 14 B. T. A. 562.

*Judgment will be entered for the respondent.*