### HILL GOLDWATER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 21852.    Promulgated October 16, 1930.

*Leon Samuels*, *Esq.*, and *F. T. Andrews*, *C. P. A.*, for the petitioner.

*J. E. Mather*, *Esq.*, and *H. B. Hunt*, *Esq.*, for the respondent.

74

## OPINION.

SEAWELL: The first question raised by the pleadings relates to the right of the Commissioner to collect the entire deficiency from the petitioner when there were other persons who likewise received assets upon the liquidation of the corporation. In view of the fact that it has been affirmatively shown that the assets received by the petitioner exceed the additional tax of the corporation now sought to be collected from such petitioner, this question must be decided against the petitioner on the authority of prior decisions of the Board. *Henry Cappellini et al.*, 14 B. T. A. 1269, and *W. O. Menger et al.*, 17 B. T. A. 998. See also *Phillips* v. *Commissioner*, 42 Fed. (2d) 177.

The other contention advanced by the petitioner is that the deficiency is barred for the reason that no assessment was made against the corporation within five years from the date returns were filed for the period in question. It is true that the assessment was not made until more than five years after returns were filed pursuant to the Revenue Act of 1916 as amended by the Revenue Act of 1917, but the foregoing contention overlooks the fact that a return was likewise required under the Revenue Act of 1918 and that no such return was filed. Where a return is required under the Revenue Act of 1918 for a given year, the time for the assessment of any tax due under such act runs from the time such return was filed, even though a return was filed under a prior act. *Davis Feed Co.*, 2 B. T. A. 616; *Fred T. Ley & Co.*, 9 B. T. A. 749; *M. Brown & Co.*, 9 B. T. A. 753; affd., *Blair* v. *Brown Co.*, 30 Fed. (2d) 1008; *Hutchinson Co.*, 14 B. T. A. 367; and *D. E. Wheeler*, 16 B. T. A. 96. See also *United States* v. *Updike*, 1 Fed. (2d) 550; affd., *Updike* v. *United States*, 8 Fed. (2d) 913; certiorari denied, *Updike* v. *United States*, 271 U. S. 661. And of course where no return is filed the assessment may be made at any time. The deficiency with which we are concerned was determined under the Revenue Act of 1918 and, since no return was filed under such act, the assessment made against the corporation in January, 1925, was timely made. And we think it likewise follows that the statute has not run in favor of the petitioner (section 280 (b) (1) of the Revenue Act of 1926). *A. Cellers et al.*, 16 B. T. A. 411; *Louis Costanzo et al.*, 16 B. T. A. 1294; and *Phil Gleichman*, 17 B. T. A. 147. The fact that assessment was made against the corporation in January, 1925, would affect only the period

for the collection of such tax from the corporation and would not alter the period for assessment. *United States* v. *Updike*, 281 U. S. 489.

*Judgment will be entered for the respondent.*