NATIONAL PAPER PRODUCTS COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ZELLERBACH PAPER COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 41758, 41759.   Promulgated May 17, 1932.

*John Francis Neylan, Esq.*, for the petitioners.
*H. A. Cox, Esq.*, and *F. R. Shearer, Esq.*, for the respondent.

OPINION.

Murdock. The notice of deficiency was sent within four years of the date of filing of the first return, within three years from the date on which the Revenue Act of 1926 was approved, and within three years from the date upon which the last return was filed, but more than three years after the date upon which the first return was filed. The petitioners concede that the Commissioner may proceed to assess and collect the deficiencies unless the three-year period of limitation provided by the Revenue Act of 1926 applies and began to run on July 15, 1925, the date upon which the first return was filed.

We agree with the Commissioner that the return filed May 14, 1926, was the original return required under the 1926 Act to start the three-year period of section 277(a) (1). We held in *John Wanamaker Philadelphia*, 8 B. T. A. 864, and in *Hutchinson Company*, 14 B. T. A. 367, that a return filed under one act would not start the period of limitation provided in a later act if additional

tax was due under the new act for the period covered by the return. Other Board decisions to the same effect are *Valentine-Clark Co.*, 14 B. T. A. 562 (reversed, 52 Fed. (2d) 346); *Gus Holstine Dry Goods Co.*, 16 B. T. A. 1124; *Isaac Goldmann Co.*, 17 B. T. A. 1103 (reversed, 51 Fed. (2d) 427); *Myles Salt Co., Ltd.*, 18 B. T. A. 742 (reversed, 49 Fed. (2d) 232); *Adams, Cushing & Foster, Inc.*, 19 B. T. A. 89; *G. Corrado Coal & Coke Interests, Inc.*, 19 B. T. A. 691; and *E. J. Lorie et al.*, 21 B. T. A. 612. Cf. *Hill Goldwater*, 21 B. T. A. 73. We refer to our discussion of the question in the cited cases. The circumstances under which the additional tax arises in this case are different from those under which the additional taxes arose in the cases just mentioned, but perhaps the difference is not material. We have, however, some additional reasons for our position not expressed in those cases. We want to again call particular attention to the discussion of a similar issue in *United States* v. *Updike*, 1 Fed. (2d) 550, and in *Updike* v. *United States*, 8 Fed. (2d) 913 (certiorari denied, 271 U. S. 661), affirming the above decision. That case differs from the present one only in degree. See also *Davis Feed Co.*, 2 B. T. A. 616, and *Covert Gear Co.*, 4 B. T. A. 1025.

Perhaps no revenue act specifically required the taxpayer to compute the tax as a part of his return. (See, however, section 240(a), Revenue Act of 1926.) Yet, a study of the various revenue acts, the rules and regulations of the Commissioner, the forms regularly used for making returns, and the way taxpayers themselves have interpreted the laws and regulations in making their returns, shows that a complete return is required and is understood to include a computation of the tax by the taxpayer himself. The acts gave the Commissioner authority to make and publish necessary rules and regulations. He required taxpayers to make their returns on certain forms which he furnished. These are called income-tax returns. They provided a place for a computation of the tax by the taxpayer. The tax thus shown to be due on the return becomes due and payable within nine months. No further assessment is necessary. If the Commissioner determines that more tax is due than that shown on the return, he must assess the additional tax within a prescribed time. This is the assessment which must be made within the period of limitation. If Congress has not specifically provided that the taxpayer shall make the computation and show on his return the amount of tax he believes is due, it has at least given clear indication that it intended to impose this duty upon each taxpayer. For example, in section 273 of the Revenue Act of 1926, " deficiency " is defined to be:

(1) The amount by which the tax imposed by this title exceeds the amount shown as the tax *by the taxpayer* upon his return; but the amount so shown on the return shall first be increased by the amounts previously assessed (or

collected without assessment) as a deficiency, and decreased by the amounts previously abated, credited, refunded, or otherwise repaid in respect of such tax; * * * [Italics supplied.]

The petitioners did not compute, on the return filed in 1925, the tax which they believed to be due under the 1926 Act. Such a computation was impossible at the filing date. We think Congress intended that each corporation affected by the 1926 Act should file a return after the passage of that act, showing all required information, including the tax it believed to be due, and this return would start the three-year period for assessment. Furthermore, the Commissioner was required to make all needful rules and regulations for the enforcement of the act (section 1101); he required this taxpayer to file a new return; this rule was reasonable; and it must be given the force and effect of law. *Maryland Casualty Co.* v. *United States*, 251 U. S. 342. The petitioners complied with the law and the ruling by filing the required return on May 14, 1926. Cf. section 1102 (a) and (b). This return, filed under the 1926 Act, could not amend the return filed under the 1924 Act so that the latter would become a return under the 1926 Act. The petitioners, in filing their return under the 1926 Act, adopted as a part thereof so much of the return theretofore filed under the 1924 Act as was appropriate and useful. There was perhaps no necessity for them to duplicate the computation of net income and the supporting schedules already on file. But they knew that additional tax was due under the new act and they had not made an income *tax* return under the new act until they filed a return showing what tax they honestly believed was due. The computation under the 1924 Act was quite a different thing from the computation under the 1926 Act, as is apparent from an examination of the two returns in evidence in this case. The statutory period for assessment began to run on May 14, 1926, when the original return under the 1926 Act was filed.

Reviewed by the Board.

*Judgment will be entered for the respondent.*

---

VAN FOSSAN, dissenting: The principle announced in the decisions of the Board on which the prevailing opinion in these cases is predicated has been considered by the Court of Appeals of the District of Columbia and the Circuit Courts of Appeal in three of the cases cited and in each instance the Board has been reversed. *Valentine-Clark Co.*, 14 B. T. A. 562; reversed, 52 Fed. (2d) 346; *Isaac Goldmann Co.*, 17 B. T. A. 1103; reversed, 51 Fed. (2d) 427; *Myles Salt Co.*, 18 B. T. A. 742; reversed, 49 Fed. (2d) 232. On further consideration of the merits of the issue involved, I am convinced that the

Board has been in error in all of these cases and that the petitioners should prevail.

GOODRICH agrees with this dissent.