ZELLERBACH PAPER COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

NATIONAL PAPER PRODUCTS COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 39701, 39704, 39715.   Promulgated May 17, 1932.

*John Francis Neylan, Esq.*, for the petitioners.
*H. A. Cox, Esq.*, and *F. R. Shearer, Esq.*, for the respondent.

98

OPINION.

MURDOCK. The Board has consistently held in situations like the one here present, that a return filed pursuant to the Revenue Act of 1918 is not sufficient to start the period of limitation. The first case of this kind was *C. A. Lawton Co.*, 13 B. T. A. 8, where the Board cited *John Wanamaker Philadelphia*, 8 B. T. A. 864, in which a somewhat similar question had been discussed. The other decisions are *Hutchinson Co.*, 14 B. T. A. 367; *Valentine-Clark Co.*, 14 B. T. A. 562 (reversed), 52 Fed. (2d) 346); *Gus Holstine Dry Goods Co.*, 16 B. T. A. 1124; *Isaac Goldmann Co.*, 17 B. T. A. 1103 (reversed, 51 Fed. (2d) 427); *Myles Salt Co., Ltd.*, 18 B. T. A. 742 (reversed, 49 Fed. (2d) 232); *Adams, Cushing & Foster, Inc.*, 19 B. T. A. 89; *G. Corrado Coal & Coke Interests, Inc.*, 19 B. T. A. 691; and *E. J. Lorie et al.*, 21 B. T. A. 612. Cf. *Hill Goldwater*, 21 B. T. A. 73, and particularly *National Paper Products Company et al.*, 26 B. T. A. 92. The Board's reasons for its position are fully set forth in the above opinions and need not be repeated here. Those decisions are supported by *Updike* v. *United States*, 8 Fed. (2d) 913. With all due respect to the Courts of Appeal which have reversed the Board, we adhere to our original position, because we still feel that it is the correct one.

The Commissioner would support his determination in these cases on another ground. The A. S. Hopkins Company was affiliated with the other companies from November 1, 1920, until the end of the fiscal period April 30, 1921. The Commissioner contends that its income was never properly reported for this period, since its income for November and December, 1920, was reported in a separate return, and its income from January 1, 1921 to April 30, 1921, was included in that of Zellerbach Paper Company without even disclosing that it was so included and without setting forth separately its income and deductions from those of the Zellerbach Paper Company. He cites *Commissioner* v. *Colmer-Green Lumber Co.*, 49 Fed. (2d) 234, in support of his contention that the statute has not barred him from proceeding further against the Zellerbach Paper Company as a taxpayer and also as a transferee of the assets of A. S. Hopkins Company. The case cited may not be distinguishable from the present case in this connection, but the Board has consistently held that no such segregation in the return is necessary to start the running of the period of limitations. Its first decision to this effect has been affirmed by the Circuit Court of Appeals for the Third Circuit.

*Stetson & Ellison*, 11 B. T. A. 397; affd., 43 Fed. (2d) 553. See also *Peerless Iron Pipe Exchange, Inc.*, 23 B. T. A. 900.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

---

VAN FOSSAN, dissenting: I am unable to agree with the prevailing opinion in these cases. The conclusions of the Board have been tested by appeal to the courts on three occasions and in each case the Board has been reversed. *Valentine-Clark Co.*, 14 B. T. A. 562; reversed, 52 Fed. (2d) 346; *Isaac Goldmann Co.*, 17 B. T. A. 1103; reversed, 51 Fed. (2d) 427; *Myles Salt Co.*, 18 B. T. A. 742; reversed, 49 Fed. (2d) 232. I believe the position taken by the Board in these and like cases has been erroneous and that in the instant case the petitioners should prevail.

MARQUETTE agrees with this dissent.